UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE OSBORNE,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSE CLAVACHE, *et al.*,<br><br>        Defendants. | Case No. 2:20-cv-02341-KJM-JDP (PS)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE 2:20-cv-01805-JAM-KJN |

      Plaintiff proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. She seeks leave to proceed without prepayment of filing fees, ECF No. 2. Plaintiff's affidavit satisfies the requirements to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). The motion, ECF No. 2, is therefore granted.

      Having granted plaintiff's motion to proceed *in forma pauperis*, this complaint is now subject to screening under 28 U.S.C. § 1915(e). It appears that this case is duplicative of a closed case in this district. Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). "Plaintiffs generally have 'no right to maintain

1    two separate actions involving the same subject matter at the same time in the same court and
2    against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th
3    Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other*
4    *grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

5        "To determine whether a suit is duplicative, we borrow from the test for claim
6    preclusion." *Adams*, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit
7    pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the
8    thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (quoting *The Haytian*
9    *Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative
10   of the first, we examine whether the causes of action and relief sought, as well as the parties . . .
11   to the action, are the same." *Adams*, 497 F.3d at 689. *See also Serlin v. Arthur Anderson & Co.*,
12   3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted) ("[A] suit is
13   duplicative if the claims, parties, and available relief do not significantly differ between the two
14   actions.").

15       On September 8, 2020, defendants removed case number 2:20-cv-01805-JAM-KJN from
16   state court to federal court. On November 23, 2020, plaintiff filed this case. In the first case, as
17   with this case, plaintiff sued several police officers and the police department regarding the police
18   response to an incident of domestic violence and subsequent sexual assault at her residence. The
19   allegations, claims, and defendants in both cases do not significantly differ.

20       Thus, it appears that this case is duplicative of *Osborne v. Tracy Police Department*, 2:20-
21   cv-01805-JAM-KJN. Accordingly, it is hereby ordered that within thirty days from the date of
22   service of this order, plaintiff must show cause why this case should not be dismissed as
23   duplicative. If plaintiff does not wish to pursue this case, she may file a notice of dismissal. If
24   plaintiff fails to file a response, I will recommend that this case be dismissed.

25
26
27
28

IT IS SO ORDERED.

Dated:    October 9, 2021                               _____
                                                                   JEREMY D. PETERSON
                                                                   UNITED STATES MAGISTRATE JUDGE

3