UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE OSBORNE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE CLAVACHE, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:20-cv-02341-KJM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE 2:20-cv-01805-JAM-KJN<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983.  On October 12, 2021, I screened the complaint and found it appeared duplicative of another case.  ECF No. 3.  I ordered plaintiff to show cause why her case should not be dismissed as duplicative.  On November 12, 2021, plaintiff responded, ECF No. 4, and this matter is now ripe for review.  For the reasons below, I recommend that this case be dismissed as duplicative.

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)

1

1  (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by*
2  *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

3  "To determine whether a suit is duplicative, we borrow from the test for claim
4  preclusion." *Adams*, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit
5  pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the
6  thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (quoting *The Haytian
7  Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative
8  of the first, we examine whether the causes of action and relief sought, as well as the parties . . .
9  to the action, are the same." *Adams*, 497 F.3d at 689. *See also Serlin v. Arthur Anderson & Co.*,
10 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted) ("[A] suit is
11 duplicative if the claims, parties, and available relief do not significantly differ between the two
12 actions.").

13 On September 8, 2020, defendants removed case number 2:20-cv-01805-JAM-KJN from
14 state court into federal court. On November 23, 2020, plaintiff filed this case. In the first case, as
15 in this case, plaintiff sued several police officers and the police department regarding the police
16 response to an incident of domestic violence and subsequent sexual assault at her residence. The
17 allegations, claims, and defendants in both cases do not significantly differ. In her response to the
18 order to show cause, plaintiff argues that this case should not be dismissed because the other case
19 has been closed and had an unfavorable result. As for plaintiff's first point, an open case can still
20 be duplicative of a closed case. *See, e.g.*, *Quair v. Cdcr-Hq*, No. 5:18-02595 PSG (ADS), 2020
21 U.S. Dist. LEXIS 248385, at *4 (C.D. Cal. Dec. 29, 2020); *United States v. Murphy*, No. 11-
22 20652-CR-PAS, 2020 U.S. Dist. LEXIS 124682, at *2 (S.D. Fla. July 9, 2020). As for the
23 unfavorable result, plaintiff had an opportunity to appeal the decision in her previously litigated
24 case. *See* Fed. R. App. Proc. 4. Further, the result of that case does not make it any less
25 duplicative of this one. I conclude that this case is duplicative of *Osborne v. Tracy Police
26 Department*, 2:20-cv-01805-JAM-KJN.

27 I recommended that plaintiff's complaint be dismissed, and the Clerk of Court be directed
28 to close this case. These findings and recommendations are submitted to the U.S. District Judge

presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: November 16, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE